UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JUSTIN CARR, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

USHEALTH GROUP, INC.,

    Defendant.
_____/

CASE NO.:

## NOTICE OF REMOVAL

Defendant USHEALTH Group, Inc. ("USHG"), pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, with full reservation of all defenses, hereby removes this action from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, West Palm Beach Division.  In support of this Notice of Removal, Defendant state as follows:

**I.**    **Background**

1. On or about August 15, 2025, Plaintiff Justin Carr filed a Class Action Complaint instituting this lawsuit in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No. 50-2025-CA-008291-XXXA-MB (the "Complaint").  A true and correct copy of the Complaint and all other process, pleading, and orders served upon Defendant is attached hereto as Exhibit A.

2. The suit arises from alleged text messages to Plaintiff's cellular telephone that Plaintiff alleges were initiated in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

  3. On August 27, 2025, Defendant's registered agent was served with a copy of the Complaint and the Summons.

  4. Defendant now timely removes this action to this Court.

## II.  Basis for Jurisdiction

  5. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441(a). The sole claim, which is asserted under the TCPA, could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States."

  6. Plaintiff's Complaint attempts to assert violations of a federal law, namely the TCPA. *See generally* Ex. A. The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under" the laws of the United States.

  7. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has federal question jurisdiction.

  8. Based upon the foregoing, this Court has federal question jurisdiction over this action and venue is proper in this Court.

## III.  Notice Given

  9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida.

## IV. Removal is Timely Filed

10. This Notice has been timely filed within thirty (30) days of Defendants' receipt of the filed Complaint on August 27, 2025, as required by 28 U.S.C. § 1446(b)(2).

## V. Pleadings and Process

11. Consistent with the requirement of 28 U.S.C. § 1446(a), copies of all state court process, pleadings, and orders served upon Defendant and otherwise filed in the state court are attached to this Notice of Removal as Exhibit B.

## VI. Venue

12. Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper because this action is currently pending in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, which is in the same District as the United States District Court for the Southern District of Florida, West Palm Beach Division.

## VII. Non-Waiver of Defenses

13. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, this Court has jurisdiction over this matter, and Defendant USHEALTH Group, Inc. hereby removes this action from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida to this Court.

Dated: September 16, 2025

GREENSPOON MARDER LLP

By: */s/ Roy Taub*
Jeffrey A. Backman (FL Bar No. 662501)
Roy Taub (FL Bar No. 116263)
200 East Broward Blvd., Suite 1800

        Fort Lauderdale, Florida 33301
        Telephone: 954-491-1120
        Facsimile:  954-213-0140
        jeffrey.backman@gmlaw.com
        rene.vazquez@gmlaw.com
        roy.taub@gmlaw.com
        cheryl.cochran@gmlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 16, 2025, a true and correct copy of the foregoing was served via e-mail and U.S. first class mail upon the following:

Faaris K. Uddin
Mitchell D. Hansen
Zane C. Hedaya
Gerald D. Lane, Jr.
THE LAW OFFICES OF JIBRAEL S. HINDI
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone:  813-349-8838
faaris@jibraellaw.com
mitchell@jibraellaw.com
zane@jibraellaw.com
gerald@jibraellaw.com

*Attorneys for Plaintiff*

        */s/ Roy Taub*
        ROY TAUB